**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE MADERA GROUP, LLC, | No.   22-55619 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-07132-JAK-AFM |
| v. | |
| MITSUI SUMITOMO INSURANCE USA, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted August 23, 2023**
San Francisco, California

Before:  BUMATAY, KOH, and DESAI, Circuit Judges.

The Madera Group ("Madera") owns restaurants in California and Arizona and seeks to recover losses stemming from the COVID-19 pandemic from their insurance company, Mitsui Sumitomo Insurance ("Mitsui"). The relevant insurance

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

policy covers losses stemming from "direct physical loss of or physical damage to property," and contains a Virus Exclusion provision barring coverage "caused by or resulting from any virus." Madera seeks a declaratory judgment, damages for breach of contract, and invalidation of the Virus Exclusion under the doctrine of regulatory estoppel. Mitsui filed a motion to dismiss, and the district court granted the motion because it found that COVID-19 did not cause "direct physical loss" to Madera's properties and thus was not a covered loss under the policy. Madera timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review an order granting a motion to dismiss for failure to state a claim de novo. *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021). This court can affirm the district court "on any basis the record supports, including one the district court did not reach." *Id.* at 893 (quoting *Or. Short Line R.R. Co. v. Dep't of Revenue Or.*, 139 F.3d 1259, 1265 (9th Cir. 1998)).

1.      Madera asks this court to apply the doctrine of regulatory estoppel to find the Virus Exclusion unenforceable. We decline to do so because California law governs the interpretation of this contract, and California does not recognize the doctrine of regulatory estoppel. Ca. Civ. Code § 1646; *ACL Techs., Inc. v. Northbrook Prop. & Cas. Ins. Co.*, 22 Cal. Rptr. 2d. 206, 214 n.39, 216 (Cal. Ct. App. 1993).

2

2.      The Virus Exclusion unambiguously bars Madera's claims. Under the Virus Exclusion, Mitsui is not liable for loss or damage "caused by or resulting from any virus, bacterium, or other microorganism that induces or is capable of inducing physical distress, illness or disease." Madera argues that the Virus Exclusion does not apply under California's efficient proximate cause doctrine because its losses were caused not by the virus but by the government's negligent public health preparedness. This argument fails because COVID-19 is still the efficient proximate cause of Madera's losses. There is no "attenuated causal chain between the virus" and Madera's losses, *Mudpie*, 15 F.4th at 894, because the government's allegedly negligent pandemic preparation would not have impacted Madera without the virus. The Virus Exclusion therefore precludes Madera's claims.[1]

3.      This court recently asked the California Supreme Court to decide whether COVID-19 can cause "direct physical loss or damage to property." *Another Planet Ent., LLC v. Vigilant Ins. Co.*, 56 F.4th 730, 734 (9th Cir. 2022). Madera urges this court to stay appellate proceedings pending the California Supreme Court's resolution of the question, but we decline to do so because the Virus Exclusion bars coverage regardless of the California Supreme Court's holding. *See*

---

[1]      To the extent Madera alleges its losses were caused by the stay-at-home orders, *Musso* and *Mudpie* expressly foreclose that argument. *Musso & Frank Grill Co. v. Mitsui Sumitomo Ins. USA Inc.*, 293 Cal. Rptr. 3d 1, 6–7 (Cal. Ct. App. 2022); *Mudpie*, 15 F.4th at 892–93.

*id.* (stating that the court should only stay appellate proceedings when the answer to a certified question "could determine the outcome of a matter pending in [this] court" (alteration in original) (quoting Cal. R. Ct. 8.548(a)).

Both parties filed a motion for judicial notice, Dkts. 29, 35. Both motions are **DENIED** because their contents are not subject to judicial notice under Federal Rule of Evidence 201. *See* Fed. R. Evid. 201 (permitting only notice of adjudicative facts). The district court's grant of Mitsui's motion to dismiss is **AFFIRMED**.